UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA )
)
v. )
) 1:18-cr-00033
SERGIO MARTINEZ )
STEVEN LESSARD )
JULIO COLON )

REQUEST FOR JURY INSTRUCTIONS

<u>REQUEST NO. 1</u>

(Summary of Indictment)[1]

I will now instruct you on the legal elements of the crimes charged in the Indictment.  That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilty.

To place my instructions in context, I will start by giving you a summary of the charges.  They are stated in the Indictment, but the Indictment is not evidence; it is simply the instrument by which the charges are brought.  It is an accusation only.  It may not be considered by you as evidence of guilt.

The Indictment contains ten counts or separate offenses.  You must consider each count separately as to the particular defendant and must return a verdict based only upon the evidence as it relates to that specific court with respect to that defendant.  Your verdict as to one offense should not affect your verdict as to any other charged offense.

Count One charges all three defendants, Sergio Martinez, Steven Lessard, and Julio Colon with conspiracy to distribute and possess with the intent distribute N-phenyl-N-[1-2phenylethyl-4-piperidinyl] propanamide.  Throughout these instructions, I will refer to this substance as fentanyl. Count Two charges Sergio Martinez with a conspiracy to launder money. Count Three charges Sergio Martinez

---

[1]    For clarity, these jury instruction renumber the counts in the Indictment to omit the counts on which the government has decided not to proceed so that the count numbers proceed sequentially.

with the distribution of fentanyl.  Counts Four, Five, Six, Seven, and Eight charge

Sergio Martinez with possession with the intent to distribute fentanyl.  Count Nine

charges Sergio Martinez with engaging in a continuing criminal enterprise.

<u>REQUEST NO. 2</u>

(Knowingly and Intentionally)

Because all the charge implicate the concepts of knowledge and intent, I will describe these concepts now before I address individual charges.  When I mention knowledge and intent as elements refer back to this instruction for the definition.

A person acts knowingly if he act intentionally and voluntarily and not because of ignorance, mistake, accident or carelessness.  Whether a defendant acted knowingly is determined by examining his conduct and by all the facts and circumstances surrounding the case.

In considering whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  If you find beyond a reasonable doubt that the defendant acted with (or the defendant's ignorance was solely the result of) a conscious purpose to avoid learning the truth, then you may find that knowledge has been established.  However, it is not enough to find knowledge if you conclude that the defendant was merely negligent, foolish or mistaken.

A person acts intentionally when he acts deliberately and purposefully.  That is, the defendant's act must have been the product of conscious objective rather than the product of a mistake or accident.  It is sufficient that the defendant intentionally engaged in conduct that the law forbids. The defendant need not be aware that the law actually forbids the conduct.

<u>REQUEST NO. 3</u>
(Aiding or Abetting)

In Counts Three, Four, Five, Six, Seven, and Eight, Defendant Sergio Martinez is charged, with aiding, abetting, counseling, commanding, inducing or procuring another person to commit a crime.  I will refer to this concept by the short-hand aiding or abetting throughout these instructions. With respect to those charges, it is not necessary for the government to show that Mr. Martinez himself physically committed the crime with which he is charged in order to find Mr. Martinez guilty. That is because a person who aids or abets an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find Mr. Martinez guilty of the offense charged if you find beyond a reasonable doubt that the government proved that another person actually committed the offense with which Mr. Martinez is charged, and that Mr. Martinez aided or abetted that person in the commission of the offense. As you can see, the government must first prove beyond a reasonable doubt that another person has committed the crime charged. Obviously, the defendant cannot be convicted of aiding or abetting the criminal acts of another if the government has first failed to prove that a crime was committed by another person. But if you do find that a crime was committed by someone other than Mr. Martinez, then you must consider whether Mr. Martinez aided or abetted the commission of that crime.

Aiding or abetting means that a person (1) knowingly associated himself in some way with the crime and (2) that he participated by doing some act to help make the crime succeed.

To establish that Mr. Martinez knowingly associated himself with the crime, the government must prove that he acted knowingly and intentionally. To establish that Mr. Martinez participated in the commission of the crime, the government must prove that he engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime. Mr. Martinez's mere presence where a crime is being committed, even coupled with his knowledge that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding or abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider or abettor. An aider or abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether Mr. Martinez aided or abetted the commission of the particular offense that you are considering, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If Mr. Martinez did all of these things, then the defendant is an aider or abettor, and therefore guilty of the offense. If, on the other hand, your answer to any one of these questions is "no," then Mr. Martinez did not aid or abet the offense that you are considering.

<u>REQUEST NO. 4</u>

(Conspiracy to Distribute and Possess With the Intent to Distribute Fentanyl)

Count One of the Indictment charges all three defendants, Mr. Martinez, Mr. Lessard and Mr. Colon, with participating in a conspiracy to distribute and possess with intent to distribute a mixture or substance containing fentanyl in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(iii). Before a defendant can be convicted of the offense of conspiracy, the government must prove several things beyond a reasonable doubt:

<u>First</u>, a conspiracy involving two or more persons must have existed to commit the offense or offenses charged in the Indictment;

<u>Second</u>, the defendant must have joined the conspiracy with knowledge of the existence of the conspiracy and its criminal objectives;

<u>Third</u>, the defendant must have knowingly, voluntarily, and intentionally become a member of the conspiracy;

<u>Fourth</u>, in joining the conspiracy, the defendant must have intended to achieve the unlawful objectives of the conspiracy.

I now will address each of these elements in more detail.

A. <u>CONSPIRACY-EXISTENCE</u>

A conspiracy is an agreement between or among two or more persons who join together in an attempt to achieve an unlawful purpose. The essence of conspiracy is an agreement. However, it is not necessary that the conspirators enter

into a formal or express agreement for a conspiracy to exist. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate to accomplish an unlawful act.

It is not necessary that the conspirators all joined the conspiracy at the same time so long as the overall plan and objectives of the conspiracy persisted without fundamental alteration notwithstanding any changes in membership.

B. <u>KNOWLEDGE OF CONSPIRACY</u>

To be guilty of the offense of conspiracy, a defendant must know of the existence of the conspiracy when he becomes a member. That is to say, he must be aware of the existence of the conspiracy and its unlawful objectives.

It is unnecessary that a defendant know of all the details of the conspiracy or the names of all of the other alleged conspirators so long as the defendant joins the conspiracy with an awareness of the existence of the conspiracy and its unlawful objectives.

C.    KNOWINGLY AND WILLFULLY PARTICIPATING IN
       THE CONSPIRACY WITH AN INTENT TO ACHIEVE
       <u>UNLAWFUL OBJECTIVES OF THE CONSPIRACY</u>

A defendant must knowingly and willfully join in the conspiracy to be guilty of conspiracy. To act "willfully" means to act voluntarily and intelligently and with the specific intent to do something the law forbids - that is to say, with bad purpose, either to disobey or disregard the law - not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before

a defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions. You need not find that the defendant specifically agreed to or knew about all the details of the crime, or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if a defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the United States proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

D.    OBJECTS OF CONSPIRACY

Under Title 21, United States Code, Section 841, it is unlawful for a person, knowingly or intentionally, to distribute or possess with intent to distribute fentanyl. Although the indictment charges that object of the conspiracy was to distribute AND possess with intent to distribute, it is sufficient for the United States to prove that a defendant conspired either to distribute OR conspired to

possess with intent to distribute. The United States need not prove both alternatives.

"Possession" means to exercise control or authority over something at a given time. There are several types of possession: actual, constructive, sole, and joint. Possession is considered to be actual possession when a person knowingly has direct physical control or authority over something. Possession is called constructive possession when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person. Possession may be knowingly exercised by one person exclusively, which is called sole possession, or possession may be knowingly exercised jointly when it is shared by two or more persons. The element of possession, as that term is used in these instructions, may be found to be present if you find beyond a reasonable doubt that the defendant had actual or constructive possession of the fentanyl, either solely or jointly with others.

"Distribution" means the act of delivering to another. In determining whether a conspiracy to possess with intent to distribute and to distribute fentanyl existed and whether the defendant joined the alleged conspiracy with an intention that these offenses be committed, you will consider my instructions on the elements of the offenses of possession of fentanyl with intent to distribute and distribution of fentanyl.

It is not necessary for the government to prove that the conspirators succeeded in their alleged conspiracy to distribute or possess with the intent to distribute fentanyl for a defendant to be guilty of conspiracy under Count One.

## REQUEST NO. 5

(Conspiracy Drug Weight)

As you may recall from the Indictment, Count One alleges that the conspiracy involved 400 grams or more of a mixture or substance containing fentanyl.  To prove Count One, the government is not required to prove the amount of fentanyl involved in the conspiracy.  If, however, you determine that any of the defendants is guilty of Count One, you must also determine whether the government has established beyond a reasonable doubt that the conspiracy involved 400 grams or more of a mixture or substance containing fentanyl attributable to the defendant as a result of his own conduct or the conduct of other conspirators that is reasonably foreseeable to the defendant.  This means that in a drug-conspiracy case, the defendant is responsible not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy.  You will see questions about drug quantity on the verdict form.

<u>REQUEST NO. 6</u>

(Conspiracy to Commit Money Laundering)

Count Two charges Sergio Martinez with a conspiracy to commit money laundering.  The instructions that I just provided for the distribution and possession with intent to distribute fentanyl conspiracy apply to Count Two as well.  The difference between the counts is that for Court One the objective of the alleged conspiracy was the distribution or possession with the intent to distribute fentanyl and for Count Two the objective of the alleged conspiracy was money laundering.  Remember that Count Two, like Count One, charges conspiracy and therefore it is sufficient that the defendant agreed with one or more persons to commit the crime of money laundering as just described.  The government need not prove that the defendant actually committed money laundering.

The crime of money laundering consists of the following elements:

1)      transporting, transmitting or transferring a monetary instrument or funds derived from drug distribution activity;

2)      from the United States to the Dominican Republic;

3)      knowing that the monetary instrument or funds represent the proceeds of some form of unlawful activity; and

4)      acting with the intent that the transportation, transmission, or transfer of the monetary instrument or funds was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds from the drug distribution activity.

As explained above, remember that this Count charges conspiracy and therefore it is sufficient that the defendant agreed with one or more persons to commit the crime of money laundering as just described. The government need not prove that the defendant or anyone else actually committed money laundering.

If you find from your consideration of all the evidence that the government has proved that the defendant conspired to commit each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove that the defendant conspired to commit any one of these elements beyond a reasonable doubt, then you must find the defendant not guilty on Count Two.

## REQUEST NO.7

### (Distribution of Fentanyl)

Count Three charges that, on February 14, 2018, Sergio Martinez aided, abetted, counseled, commanded, induced or procured another person to distribute fentanyl.

To prove this offense against Mr. Martinez, the government must first prove beyond a reasonable doubt that a person committed the distribution offense alleged in this count.  As I have already explained, to prove the crime of distribution, the government must prove first that the person knew that the substance being distributed was a controlled substance, and second the person intentionally distributed fentanyl.

Again, please refer to my earlier instructions regarding the terms "distribution" and "knowingly" when deliberating on this count.

If you find that the government has not proven beyond a reasonable doubt that a person committed the distribution offense as described above, you must find Mr. Martinez not guilty of this count.  If, however, you do find that the government has proven beyond a reasonable doubt that a person committed the distribution offense described in this count, you should consider whether the government proved beyond a reasonable doubt that Mr. Martinez aided or abetted another person to commit the offense.  Refer to my earlier instruction on aiding or abetting to make that determination.

If you conclude beyond a reasonable that Mr. Martinez did aid or abet, another person to commit this offense, you should find him guilty of this count. Otherwise, you must find him not guilty.

<u>REQUEST NO. 8</u>

<u>(</u>Possession with the Intent to Distribute -- Counts Four, Five Six, Seven, and Eight)

Counts Four through Eight of the Indictment each charge Sergio Martinez with aiding, abetting, counseling, commanding, inducing or procuring another person to possess with the intent to distribute fentanyl.  While these counts all allege the same crime, each count charges a different event that occurred at differing times.  Because the underlying law that you must apply is the same for each count, I will instruct you on these counts simultaneously.

In order to prove any of these charges against Mr. Martinez, you must first find beyond a reasonable doubt that a person committed the offense of possession of a controlled substance with intent to distribute.  A person is guilty of that offense if:

First, he possessed a controlled substance, here fentanyl, either actually or constructively;

Second, he did so with specific intent to distribute a controlled substance over which he had actual or constructive possession; and

Third, he did so knowingly and intentionally.

Refer to my earlier instruction on "possession" for definitions of actual and constructive possession and "distribution" for considering the specific intent to distribute.

To find that a person possessed a controlled substance with the intent to distribute, it is not necessary for you to be convinced that he actually delivered fentanyl to someone else, or that he made money out of the transaction. It is enough for the government to prove beyond a reasonable doubt that he had in his possession what he knew to be a controlled substance and that he intended to distribute some or all of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than is needed for personal use. In other words, if you find that a person possessed a quantity of fentanyl that was more than the amount that would be needed for personal use, then you may infer that the person intended to distribute the fentanyl. The law does not require such an inference but does permit it.

If you find that the government has not proven beyond a reasonable doubt that a person committed the possession with the intent to distribute count that you are considering, you must find Mr. Martinez not guilty of that count. If, however, you do find that the government has proven beyond a reasonable doubt that a person committed the possession with intent to distribute offense you are considering, you should then decide whether the government proved beyond a reasonable doubt that Mr. Martinez aided or abetted another person to commit the offense. Refer to my earlier instruction on aiding or abetting to make this determination.

If you conclude beyond a reasonable that Mr. Martinez did aid or abet, another person to commit the crime alleged in the count you are considering, you should find him guilty of that count.  Otherwise, you must find him not guilty of that count.

Remember Counts Four through Eight involve different time periods and each is a separate count.  Count Four charges Mr. Martinez with an offense on February 15, 2018.  Count Five charges Mr. Martinez with an offense of March 1, 2018.  Count Six charges Mr. Martinez with an offense on March 9, 2018.  Count Seven charges Mr. Martinez with an offense on March 14, 2018.  And Count Eight charges Mr. Martinez with a second offense on March 14, 2018.

Remember that each count is a separately alleged crime and therefore, you must consider it separately.  The law described above applies in the same way to each count but you must deliberate on each on count independently by considering the evidence presented as to each.

REQUEST NO. 10

(Pinkerton Liability)

For the substantive counts (i.e., the non-conspiracy counts) in the indictment, Counts Three through Eight, I instructed you on how Mr. Martinez could be guilty of those offenses as an aider or abettor.  There is another way that he could be guilty of those counts even if you do not find him to be an aidor or abettor of the offense.  The law calls this method of finding guilt Pinkerton liability.

If, in light of my instructions, you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in Count One, you may also, but are not required to, find him guilty of the crimes charged against him in the corresponding substantive Counts Three through Eight, provided you find beyond a reasonable doubt each of the following elements as to the substantive count you are considering:

1)      The crime charged in the substantive count was committed;

2)      The person or persons you find actually committed the substantive count were members of the conspiracy you found to have existed in Count One;

3)      The substantive crime was committed pursuant to a common plan and understanding you found to exist among the conspirators;

4)      The defendant was a member of that conspiracy at the time that the substantive offense was committed; and

5)      The defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all of these elements to exist beyond a reasonable doubt then you may find the defendant guilty of the substantive crime you are considering even though he did not personally participate in the acts constituting the crime or did not have the actual knowledge of it.

The reason for Pinkerton liability is that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the co-conspirators bear criminal responsibility for the commission of the substantive crime committed pursuant to the criminal agreement.

If, however, you are not satisfied as to the existence of any of these five elements, then you many not find Mr. Martinez guilty of the substantive crime that you are considering, unless you conclude that the government has proven beyond a reasonable doubt that Mr. Martinez aided or abetted the commission of the substantive crime charged.

REQUEST NO. 11

(Continuing Criminal Enterprise)

Count Nine charges Sergio Martinez with engaging in a continuing criminal enterprise.  I will now instruct you on the law that relates to Count Nine.

In order to establish that the defendant is guilty of Count Nine, the government must prove beyond a reasonable doubt the following five elements:

First, that the defendant committed at least one violation of the federal drug laws that constitutes a felony;

Second, that this offense was a part of a series of three or more offenses committed by the defendant in violation of the federal drug laws;

Third, that the defendant committed the offenses in this series of violations in concert with five or more persons, either named or unnamed in the indictment;

Fourth, that the defendant occupied a position of organizer, supervisor or any other position of management with respect to these five or more persons;

Fifth, that the defendant obtained substantial income or resources from the series of violations of federal law.

With respect to the first element, the government must prove beyond a reasonable doubt that the defendant committed at least one federal felony drug offense. The government has alleged thirteen separate felony violations of the federal drug laws.  Each of these felony violations falls into one of three categories

of offenses (1) conspiracy to distribute or possess with the intent to distribute fentanyl; (2) distribution of fentanyl; and (3) possession with the intent to distribute fentanyl. I have already described for you the elements of conspiracy to distribute or possess with the intent to distribute fentanyl, distribution of fentanyl, and possession with the intent to distribute fentanyl in my earlier instructions pertaining to Counts One and Three through Eight. I have also explained how the distribution and possession with intent to distribute counts can be proven by demonstrating aiding or abetting or Pinkerton liability. Those instructions apply here as you consider whether the government has proven violations of the federal drug laws beyond a reasonable doubt for the purpose of establishing Count Nine.

In this regard, let me point out to you that violation one corresponds to Count One; violation two corresponds to Count Three; violation three corresponds to Count Four; violation four corresponds to Count Five; violation six corresponds to Count Seven; and violation seven corresponds to Count Eight. Therefore, if you find that Mr. Martinez was guilty on any of Counts One, Three, Four, Five, Six, Seven, and Eight, you should find that the government has established the first element of Count Nine.

You have now heard the relevant instructions as to the first element of Count Nine. I will now briefly describe the thirteen violations.

1.     Violation One charges the defendant with conspiracy to distribute and possess with the intent to distribute fentanyl from on or about an unknown date in 2015 continuing to at least April 9, 2018.

2.    Violation Two charges distribution of fentanyl on or about February 14, 2018.

3.    Violation Three charges possession with the intent to distribute fentanyl on or about February 15, 2018.

4.    Violation Four charges possession with intent to distribute fentanyl on March 1, 2018.

5.    Violation Five charges possession with intent to distribute fentanyl on or about March 9, 2018.

6.    Violation Six charges possession with intent to distribute fentanyl on or about March 14, 2018.

7.    Violation Seven charges possession with intent to distribute fentanyl on or about March 14, 2018.

8.    Violation Eight charges distribution of fentanyl on September 8, 2017.

9.    Violation Nine charges possession with intent to distribute fentanyl February 1, 2018.

10.    Violation Ten charges possession with intent to distribute fentanyl on February 2, 2018.

11.    Violation Eleven charges possession with intent to distribute fentanyl on March 14, 2018.

12.    Violation Twelve charges possession with intent to distribute fentanyl on March 27, 2018.

13.     Violation Thirteen charges possession with intent to distribute fentanyl on April 9, 2018.

Against to satisfy the first element of Count Nine, the government must prove beyond a reasonable doubt that the defendant committed one of these thirteen alleged violations.

The second element that the government must prove beyond a reasonable doubt is that this violation was one of a continuing series of violations of the federal drug laws.  A continuing series of violations of the federal drug laws is defined as three or more violations of the federal drug laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.  If you find thee or more of the thirteen violations proven beyond a reasonable doubt as part of a continuing series, element two of Count Nine is proven.

To find that the government has met the second element of Count Nine, you must unanimously agree on at least three specific violations that constitute a continuing series of violations.

The verdict form that I will give you will list each of the alleged violations of federal drug laws presented by the government that you may consider in determining whether the government has proven beyond a reasonable doubt a continuing series of violations.  You must consider the evidence separately with regard to each violation and render separate verdicts as to whether the government has proven each violation beyond a reasonable doubt.

The third element which the government must prove to establish Count Nine is that the defendant committed the continuing series of violations in concert with five or more persons.  Those persons can be anyone who you find beyond a reasonable doubt were persons with whom the defendant committed the violations.

You do not have to find that the five or more persons acted together at the same time or that the defendant personally dealt with them together.  You also do not have to find that the defendant had the same relationship with each of the five or more persons.  However, the government must prove beyond a reasonable doubt that the defendant and at least five other persons were part of an agreement or joint action to commit the continuing series of violations of the federal drug laws.  It is not necessary that you identify each of the five persons by their full name. Identifying them by first name or street name or even "unidentified male" or "unidentified female" is sufficient so long as you determine that there were, in fact, at least five separate people participating in the continuing series of violations. However, you must unanimously agree on which five or more people participated with the defendant in committing the violations.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant occupied a position of organizer, supervisor, or manager with respect to these five or more persons.  In considering whether the defendant occupied such a position you give the words "organizer, supervisor, or manager" their ordinary, everyday meaning.  The government does not need to prove that the defendant was the sole organizer, supervisor or manager of the enterprise.  Indeed,

many people may have occupied these roles.  To meet its burden on this element, the government must prove beyond a reasonable doubt that the defendant exercised organizational, supervisory or managerial responsibilities over five or more persons anywhere within the hierarchy of the enterprise.  The government need not prove that the same type of superior-subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or managed.

In considering whether the defendant occupied an organizational, supervisory or managerial role in the enterprise with respect to five or more persons, you should consider evidence that might distinguish the defendant's position from that of a subordinate.  You might consider for example, did the defendant negotiate the purchase and sale of the drugs, set the price, or obtain the drugs?  Did the defendant instruct the participants in the transaction on what to do and how to act?  Was the defendant compensated more than others?  These inquiries are not conclusive but reflect the kinds of questions you should ask when assessing the defendant's role.

The fifth element that the government must prove beyond a reasonable doubt is whether the defendant derived substantial income or resources from the continuing series of federal drug law violations.  The law does not set forth a minimum amount of money required to constitute substantial income, but certainly does not include trivial amounts from occasional drug sales.  It is not enough that the defendant received only a small amount of money or other insignificant gain from his participation in the continuing series of violations.

In considering whether the defendant derived substantial income or resources from the continuing series of federal drug law violations, you may consider the defendant's gross income and anticipated profits from the violations as well as the net profits he actually realized from them.  You may also consider evidence from which you can infer a receipt of substantial income or resources, such as lavish spending with no visible, legitimate, source of income.  Keep in mind, however, that the government must prove beyond a reasonable doubt that the defendant actually obtained substantial income or resources from his continuing series of federal drug violations.

If you determine the government failed to prove each of the five elements that I just discussed beyond a reasonable doubt you must find the defendant not guilty on Count Nine.  If on the other hand, you conclude that the government has proven each of the five elements beyond a reasonable doubt, you should find the defendant guilty of Count Nine.

If you determine that the defendant is guilty of Count Nine, you will be asked on the verdict form to indicate whether the government has proven beyond a reasonable doubt that:

1)       The defendant was at least one of the principal administrators, organizers, or leaders of the continuing criminal enterprise.  The government is not required to show that the defendant was the sole principal administrator, organizer or leader of the continuing criminal enterprise.  An enterprise may have multiple people who occupy these positions.  You should give the term principal

administrator, organizer or leader its everyday meaning in a public or business community.

     2)    That at least one of the violations found involved at least 12 kilograms of fentanyl.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA    )
    )
    v.    )
    )
SERGIO MARTINEZ    )
STEVEN LESSARD    )
JULIO COLON    )

PROPOSED VERDICT FORM

**COUNT ONE**    **(Conspiracy to Distribute or Possess with the Intent to Distribute Fentanyl)**

Verdict on Count One:

Sergio Martinez    Guilty \_\_\_    Not Guilty  \_\_\_\_

Steven Lessard    Guilty \_\_\_    Not Guilty  \_\_\_\_

Julio Colon    Guilty \_\_\_    Not Guilty  \_\_\_\_

If you find any of the defendants guilty, answer the following questions:

1)    Has the government proved beyond a reasonable doubt that the conspiracy involved 400 or more grams of a mixture or substance containing fentanyl?

    Yes \_\_\_\_    No \_\_\_\_

2)    If you found Sergio Martinez guilty of Count One and you found that the conspiracy involved 400 or more grams of a mixture or substance containing fentanyl, has the government proved beyond a reasonable doubt that it was reasonably foreseeable to Sergio Martinez that the conspiracy involved 400 or more grams of a mixture or substance containing fentanyl?

    Yes \_\_\_    No \_\_\_

3)      If you found Steven Lessard guilty of Count One and you found that the
        conspiracy involved 400 or more grams of a mixture or substance containing
        fentanyl, has the government proved beyond a reasonable doubt that it was
        reasonably foreseeable to Steven Lessard that the conspiracy involved 400 or
        more grams of a mixture or substance containing fentanyl?

                    Yes ___                          No ___

4)      If you found Julio Colon guilty of Count One and you found that the
        conspiracy involved 400 or more grams of a mixture or substance containing
        fentanyl, has the government proved beyond a reasonable doubt that it was
        reasonably foreseeable to Julio Colon that the conspiracy involved 400 or
        more grams of a mixture or substance containing fentanyl?

                    Yes ___                          No ___


**<u>COUNT TWO</u>      (Conspiracy to Launder Drug Proceeds)**

<u>Verdict on Count Two</u>

Sergio Martinez                        Guilty ____        Not Guilty ____


**<u>COUNT THREE</u>   (Distribution of Fentanyl)**

<u>Verdict on Count Three</u>

Sergio Martinez                        Guilty ____        Not Guilty ____

**COUNT FOUR**     **(Possession With Intent to Distribute Fentanyl)**

Verdict on Count Four

Sergio Martinez                              Guilty _____          Not Guilty  _____


**COUNT FIVE**     **(Possession with the Intent to Distribute Fentanyl)**

Verdict on Count Five

Sergio Martinez                              Guilty _____          Not Guilty  _____

**COUNT SIX**        **(Possession with the Intent to Distribute Fentanyl)**

Verdict on Count Six

Sergio Martinez                              Guilty _____          Not Guilty  _____

**COUNT SEVEN**    **(Possession with the Intent to Distribute Fentanyl)**

Verdict on Count Seven

Sergio Martinez                              Guilty _____          Not Guilty  _____

**COUNT EIGHT**    **(Possession with the Intent to Distribute Fentanyl)**

Verdict on Count Eight

Sergio Martinez                              Guilty _____          Not Guilty  _____


**COUNT NINE**      **(Continuing Criminal Enterprise)**

Verdict on Count Nine

Sergio Martinez                              Guilty _____          Not Guilty _____

Only if you found Sergio Martinez guilty of Count Nine answer the following questions:

1)      Indicate below which three or more violations found beyond a reasonable doubt were part of a continuing series of violations:

<u>Charge:  Conspiracy to Distribute or Possess With the Intent to Distribute</u>

      Violation One (2015 through April 9, 2018)

            Proven  ___              Not Proven  ___

<u>Charge:  Distribution of Fentanyl</u>

      Violation Two (February 14, 2018)

            Proven  ___              Not Proven  ___

      Violation Eight (September 8, 2017)

            Proven ___              Not Proven ____

<u>Charge:  Possession with the Intent to Distribute Fentanyl</u>

      Violation Three (February 15, 2018)

            Proven  ___              Not Proven  ___

      Violation Four (March 1, 2018)

            Proven  ___              Not Proven  ___

      Violation Five (March 9, 2018)

            Proven  ___              Not Proven  ___

      Violation Six (March 14, 2018)

            Proven  ___              Not Proven  ___

      Violation Seven (March 14, 2018)

            Proven  ___              Not Proven  ___

       Violation Nine (February 1, 2018)

            Proven ___              Not Proven ___

Violation Ten (February 2, 2018)

      Proven \_\_\_              Not Proven \_\_\_

Violation Eleven (March 14, 2018)

      Proven \_\_\_              Not Proven \_\_\_

Violation Twelve (March 27, 2018)

      Proven \_\_\_              Not Proven \_\_\_

Violation Thirteen (April 9, 2018)

      Proven \_\_\_              Not Proven \_\_\_

2)    Has the government proved beyond a reasonable doubt that the defendant was one of several principal administrators, organizers or leaders of the enterprise?

      Yes \_\_\_             No \_\_

3)    Has the government proved beyond a reasonable doubt that at least one of the violations that you have determined to be proven involved at least 12 kilograms of a mixture or substance containing fentanyl?

      Yes \_\_\_             No \_\_